**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 12-4146**

---

UNITED STATES OF AMERICA,

             Plaintiff - Appellee,

     v.

WILLIAM SAMUEL CHESTER, JR.,

             Defendant - Appellant.

---

Appeal from the United States District Court for the Southern District of West Virginia, at Charleston.  John T. Copenhaver, Jr., District Judge.  (2:08-cr-00105-1)

---

Submitted:  January 23, 2013          Decided:  March 25, 2013

---

Before TRAXLER, Chief Judge, and AGEE and DAVIS, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

Mary Lou Newberger, Federal Public Defender, Jonathan D. Byrne, Appellate Counsel, Edward H. Weis, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Charleston, West Virginia, for Appellant.  R. Booth Goodwin II, United States Attorney, Lisa Johnston, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Charleston, West Virginia; Lanny A. Breuer, Assistant Attorney General, John D. Buretta, Acting Deputy Assistant Attorney General, Elizabeth D. Collery, Anthony Vitarelli, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Appellee.

---

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

William S. Chester, Jr. ("Chester") appeals from his guilty plea and conviction for possession of firearms in violation of 18 U.S.C. § 922(g)(9) after having been convicted of a misdemeanor crime of domestic violence. For the reasons set forth below, we affirm the judgment of the district court.

I

The relevant facts of this case were previously set out in United States v. Chester (Chester II), 628 F.3d 673, 676–78 (4th Cir. 2010). In Chester II, we determined that intermediate scrutiny was the appropriate standard by which to review Second Amendment challenges to the validity of § 922(g)(9). Chester II, 628 F.3d at 683. We then remanded this case to the district court to allow the government the opportunity to present evidence "to establish a substantial relationship between § 922(g)(9) and an important governmental goal." Id.

On remand, the district court concluded that this Court's intervening decision in United States v. Staten, 666 F.3d 154 (4th Cir. 2011), established that § 922(g)(9) reasonably fit a substantial government objective and thus survived intermediate scrutiny. United States v. Chester, 847 F. Supp. 2d 902, 911 (S.D. W. Va. 2012). The district court also rejected Chester's overbreadth challenge to § 922(g)(9) and held that, even if

Chester could bring an overbreadth challenge in the Second Amendment context, that challenge would fail in this case. Id. at 908 n.5.

Chester timely appealed. We have jurisdiction under 28 U.S.C. § 1291.

II

We review a district court's rejection of a Second Amendment challenge to a federal statute de novo. Staten, 666 F.3d at 157.

III

Chester raises three issues on appeal: (A) whether strict scrutiny applies in this case affecting an individual's Second Amendment right to keep and bear arms, (B) whether § 922(g)(9) is substantially related to the important governmental goal of reducing the incidence and severity of domestic violence incidents, and (C) whether § 922(g)(9) is an overbroad, facially invalid infringement upon the Second Amendment right to keep and bear arms.

A.   The Proper Level of Scrutiny

We first conclude that the district court properly applied intermediate scrutiny rather than strict scrutiny to Chester's

4

Second Amendment challenge to § 922(g)(9). We determined in Chester II that intermediate scrutiny was the proper standard by which to evaluate a Second Amendment challenge to § 922(g)(9). Chester II, 628 F.3d at 683. That determination is the precedent in this circuit and forecloses Chester's challenge on this point.

B.    Relationship to Important Governmental Goal

Chester contends that § 922(g)(9) has not been shown to substantially relate to the important governmental goal of reducing the incidence and severity of domestic violence. In Staten, we upheld § 922(g)(9) against the same Second Amendment challenge, holding that

> the government has carried its burden of establishing a reasonable fit between the substantial government objective of reducing domestic gun violence and keeping firearms out of the hands of: (1) persons who have been convicted of a crime in which the person used or attempted to use force capable of causing physical pain or injury to another against a spouse, former spouse, or other person with whom such person had a domestic relationship specified in § 921(a)(33)(A); and (2) persons who have threatened the use of a deadly weapon against such a person.

Staten, 666 F.3d at 167. The evidence presented in this case includes substantially the same items as were before the Court in Staten. We find the circumstances of Staten to be indistinguishable from the present case and our holding there forecloses Chester's challenge on this point.

5

## C.   Overbreadth

The district court properly rejected Chester's overbreadth argument. We first note that no circuit has accepted an overbreadth challenge in the Second Amendment context. See United States v. Masciandaro, 638 F.3d 458, 474 (4th Cir. 2011). Even assuming in principle that such a challenge is cognizable, however, we have clearly held that an individual "to whom a statute was constitutionally applied," id., cannot "challenge that statute on the ground that it may conceivably be applied unconstitutionally to others, in other situations not before the Court." Id. (quoting Broadrick v. Oklahoma, 413 U.S. 601, 610 (1973)). As we conclude that § 922(g)(9) has been constitutionally applied to Chester, we reject his facial overbreadth challenge.

## IV

For the aforementioned reasons, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED

6